**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| A.V. AVINGTON JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 24-cv-00410-SH |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 1 OF TULSA COUNTY, aka TULSA | ) | |
| PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion to extend the time to file his notice of appeal. The reasons provided by Plaintiff's counsel for the late filing show neglect, but not excusable neglect. The motion will therefore be denied.

**Background**

The Court entered judgment in favor of Defendant on January 27, 2026. (Dkt. Nos. 50–51.) Plaintiff's deadline to appeal was February 26, 2026. *See* Fed. R. App. P. 4(a)(1).

On Saturday, February 21, 2026, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") on appeal (Dkt. 56); the motion was deficient, and the Court denied it the following Monday (Dkt. No. 60). On February 25, 2026, Plaintiff filed a new IFP motion (Dkt. No. 62), which the Court immediately granted (Dkt. No. 63). Plaintiff did not, however, file a notice of appeal before the February 26th deadline.[1]

---

[1] Plaintiff did not have to await the IFP ruling to file an appeal. *See Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) ("plaintiff could have filed a timely notice of appeal without an accompanying filing fee, and, upon the district court's rejection of her request, asked this court for ifp status").

1

On March 8, 2026, Plaintiff filed an untimely notice of appeal and the current motion to extend time to appeal.  (Dkt. Nos. 64–65.)  Plaintiff's counsel, Maria Seidler, represents that she had prepared a notice of appeal back on February 20th and mistakenly believed it had been filed along with the objection to the bill of costs (Dkt. No. 54, filed on February 20) and the IFP motion (filed on February 21).  (Dkt. No. 65 at 1–2, 5–6.[2])  Counsel then states she "recently discovered, upon review of the docket, that the Notice of Appeal did not appear on the docket."  (*Id.* at 2.)  Based on this, Counsel argues that her neglect was excusable, and the Court should grant an extension of time to appeal.

## Analysis

A district court may extend the time to file a notice of appeal if (i) the party files a motion within 30 days after the time for appeal has expired; and (ii) the party shows excusable neglect or good cause.  Fed. R. App. P. 4(a)(5)(A).  Plaintiff's motion was filed within 30 days of the appeal deadline.  Here, Plaintiff asserts only excusable neglect.  (Dkt. No. 65 at 3.)

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Id.* advisory ctte's note to 2002 ams., subdiv. (a)(5)(A)(ii).

The question of excusable neglect is "a somewhat elastic concept," and the Court must look at all of the relevant circumstances, including (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *City of Chanute v.*

---

[2] Page numbers refer to those in the court-provided header.

*Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)) (citation modified).  Here, three of the factors easily favor an extension of time.  There is no danger of prejudice to Defendant from a short delay in filing an appeal; the delay was 11 days and would have little impact on the eventual appeal; and Plaintiff appears to have acted in good faith, as demonstrated by the materials presented in support of the motion.

The Court is then left with the third factor—"perhaps the most important single factor"—the reason for the delay.  *See id.*  ("It is true that fault in the delay remains a very important factor—perhaps the most important factor—in determining whether neglect is excusable . . . .").  And, here, the Court must heed the warnings of the Tenth Circuit that the test is a strict one and that mere inadvertence "usually" does not constitute excusable neglect.  *Id.*; *cf. United States v. Torres*, 372 F.3d 1159, 1163—64 (10th Cir. 2004) ("In our view, defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule." (citation modified)).

The Court also must follow Tenth Circuit precedent that "[t]he time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary." *Bishop*, 371 F.3d at 1206–07.[3]  Plaintiff argues this is not the governing standard.  (Dkt. No. 73 at 1.)  *See also* 20 Moore's Federal Practice - Civil § 304.14[2][a]

---

[3] For this proposition, *Bishop* relied on *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974), which in turn relied on *Maryland Cas. Co. v. Conner*, 382 F.2d 13 (10th Cir. 1967).  *Maryland Casualty* quoted the 1966 advisory committee notes to former Fed. R. Civ. P. 73(a)—"the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result."  382 F.2d at 16.  The Tenth Circuit then concluded that "[i]t was not intended by the amendment to Rule 73(a) to permit the time for taking an appeal to be extended in the absence of circumstances that are unique or extraordinary."  *Id.* at 17.

(2026) (noting that, prior to *Pioneer*, excusable neglect was strictly interpreted and required "extraordinary cases where injustice would otherwise result"); *id.* ("Given the more liberal *Pioneer* standard, cases decided under the prior law are of limited value."). But *Bishop* was decided in 2004, long after the Tenth Circuit recognized *Pioneer* as governing excusable neglect under Fed. R. App. P. 4. The Tenth Circuit has continued to apply this standard in the years since. *See United States v. Widjaja*, 291 F. App'x 163, 164 (10th Cir. 2008) (Rule 4(b)); *Bruce v. City of Colo. Springs*, No. 22-1413, 2024 WL 1109065, at *2 (10th Cir. Mar. 14, 2024) (unpublished) (Rule 4(a)).[4] The Court must follow the binding Tenth Circuit precedent in *Bishop*.

Looking to the reasons presented by Plaintiff's counsel, the Court does not find circumstances that are unique or extraordinary, and it does not find that Counsel's neglect was excusable. The only reason provided for missing the appeal deadline was pure inadvertence and inattention. Counsel presents evidence showing she prepared a notice of appeal well before the deadline and that she <u>intended</u> to file the notice. (Dkt. No. 65 at 5, 8–9.) However, Counsel states that her failure to file the notice occurred in the "same period" as when she was objecting to the bill of costs and seeking IFP status. (*Id.* at 5.) "Because those filings were being handled contemporaneously in the days surrounding February 20, 2026, [Counsel] mistakenly believed that the Notice of Appeal had been filed as part of that same sequence of filings." (*Id.*) There is nothing unique or extraordinary about this series of events. In almost every case, the losing party will have to deal with a bill of costs. And there is nothing particularly extraordinary about filing a motion for IFP status. Plaintiff has given no other explanation for the failure to file the notice, or for

---

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

Counsel's failure to realize the notice had not been filed from February 20th through February 26th and beyond.  *See Bruce*, 2024 WL 1109065, at *1 (affirming denial of extension where counsel stated he "was unaware he had failed to complete the filing process through the district court's electronic filing system and mistakenly believed he timely noticed the appeal").[5]  Plaintiff has failed to show excusable neglect, and the motion will be denied.

IT IS THEREFORE ORDERED that the *Plaintiff's Motion for Extension of Time to File Notice of Appeal* (Dkt. No. 65) is DENIED.

ORDERED this 14th day of April, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[5] In *Bruce*, counsel offered additional explanations for the neglect on appeal, but the Tenth Circuit did not consider them because they were not presented to the district court below. *Id.* at *2 & n.3.